## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CHEMOCENTRYX, INC., | ) | |
| | ) | |
| Plaintiff, | ) | C. A. No.: _____ |
| | ) | |
| v. | ) | |
| | ) | |
| ZYDUS PHARMACEUTICALS (USA) INC., | ) | |
| ZYDUS LIFESCIENCES GLOBAL FZE, and | ) | |
| ZYDUS LIFESCIENCES LIMITED, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff ChemoCentryx, Inc. ("ChemoCentryx"), by its undersigned attorneys, brings this action against Defendants Zydus Pharmaceuticals (USA) Inc. ("Zydus USA"), Zydus Lifesciences Global FZE ("Zydus FZE"), and Zydus Lifesciences Limited ("Zydus Limited") (collectively, "Zydus" or "Defendants"), and hereby alleges as follows:

## NATURE OF THE ACTION

1.      This is a civil action for patent infringement under the patent laws of the United States, 35 U.S.C. § 100 *et seq.*, and for a declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*  This action relates to Zydus's filing of an Abbreviated New Drug Application ("ANDA") with the United States Food and Drug Administration ("FDA") seeking approval to engage in the commercial manufacture, use, offer for sale, sale and/or importation of a generic version of ChemoCentryx's pharmaceutical product TAVNEOS® (avacopan) prior to the expiration of United States Patent Nos. 11,951,214 ("'214 Patent") and 11,603,356 ("'356 Patent") (together, the "Patents-in-Suit"), including any applicable exclusivities or extensions.

**THE PARTIES**

2.     Plaintiff ChemoCentryx is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at One Amgen Center Drive, Thousand Oaks, California 91320.

3.     ChemoCentryx is the holder of New Drug Application ("NDA") No. 214487 for TAVNEOS® and the owner of the Patents-in-Suit.

4.     Upon information and belief, Zydus USA is a corporation organized and existing under the laws of the State of New Jersey, having a principal place of business at 73 Route 31 N., Pennington, New Jersey 08534.  Upon information and belief, Zydus USA is the authorized United States agent for ANDA No. 221070 ("Zydus's ANDA") for avacopan capsules, 10 mg ("Zydus's ANDA Product").

5.     Upon information and belief, Zydus FZE is an entity organized and existing under the laws of the United Arab Emirates, having a principal place of business at Fzjo B2601, Jebel Ali Free Zone Dubai, United Arab Emirates.  Upon information and belief, Zydus FZE, by itself and/or through its affiliates and/or agents, submitted and is the holder of Zydus's ANDA.

6.     Upon information and belief, Zydus Limited is an entity organized and existing under the laws of India, having a principal place of business at Zydus Corporate Park, Scheme No. 63, Survey No. 536, Khoraj (Gandhinagar), Nr. Vaishnodevi Circle, S.G., Highway, Ahmedabad 382481, Gujarat, India.  Upon information and belief, Zydus USA and Zydus FZE are both wholly owned subsidiaries of Zydus Limited.

7.     Upon information and belief, Defendants, by themselves and/or through their affiliates and/or agents, are in the business of, *inter alia*, developing, manufacturing, obtaining

regulatory approval, marketing, selling, and distributing generic copies of branded pharmaceutical products throughout the United States, including in New Jersey.

8.      Upon information and belief, Defendants collaborated in the research and/or development of Zydus's ANDA Product and in the preparation and/or submission of Zydus's ANDA and continue to actively collaborate in seeking approval from FDA for Zydus's ANDA to commercially manufacture, use, offer for sale, sale, and/or import Zydus's ANDA Product in the United States, including in New Jersey.

9.      Upon information and belief, Defendants rely on material assistance from one another to commercially manufacture, use, offer for sale, sell, and/or import generic copies of branded pharmaceutical products in the United States market, including in New Jersey.  Upon information and belief, Defendants intend to provide such material assistance to one another and act collaboratively to commercially manufacture, use, offer for sale, and/or sell within the United States, and/or import into the United States, Zydus's ANDA Product upon FDA approval of Zydus's ANDA.  Upon information and belief, each of the Defendants will, upon FDA approval of Zydus's ANDA, financially benefit from the commercial manufacture, use, offer for sale, sale, and/or importation of Zydus's ANDA Product in the United States, including in New Jersey.

## JURISDICTION AND VENUE

10.      This action arises under the patent laws of the United States, 35 U.S.C. § 100 *et seq.*, and this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

*Zydus USA*

11.    This Court has personal jurisdiction over Zydus USA because, upon information and belief, *inter alia*, Zydus USA is a corporation organized and existing under the laws of the State of New Jersey and has its principal place of business in New Jersey.

12.    This Court also has personal jurisdiction over Zydus USA because, upon information and belief, Zydus USA regularly does or solicits business in New Jersey, engages in other persistent courses of conduct in New Jersey, and/or derives substantial revenue from services or things used or consumed in New Jersey, including by selling pharmaceutical products in New Jersey. Zydus USA, therefore, can reasonably expect to be subject to jurisdiction in the New Jersey courts. Among other things, upon information and belief, Zydus USA conducts marketing and sales activities in New Jersey, including but not limited to, distribution, marketing, and sales of pharmaceutical products to New Jersey residents that are continuous and systematic.

13.    In addition, this Court has personal jurisdiction over Zydus USA because, *inter alia*, upon information and belief: (1) Zydus USA, Zydus FZE, and Zydus Limited acted in concert to file Zydus's ANDA for the purpose of seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Zydus's ANDA Product in the United States, including in New Jersey; and (2) upon FDA approval of Zydus's ANDA, Zydus USA, Zydus FZE, and Zydus Limited will act in concert to commercially manufacture, use, offer for sale, sell, and/or import Zydus's ANDA Product in the United States, including in New Jersey, and will derive substantial revenue from the use or consumption of Zydus's ANDA Product in New Jersey. Upon information and belief, upon FDA approval of Zydus's ANDA, Zydus's ANDA Product will be, *inter alia*, offered for sale in, sold in, and/or imported into New Jersey, prescribed

4

by physicians practicing in New Jersey, dispensed by pharmacies located within New Jersey, and/or used by patients in New Jersey, all of which would have substantial effects on New Jersey.

14.      Zydus USA has been sued previously in this Judicial District and has not challenged personal jurisdiction and has availed itself of the legal protections of this Judicial District by asserting counterclaims against plaintiffs in this Judicial District.  *See, e.g.*, *Genentech, Inc., et al. v. Natco Pharma Ltd. et al.*, Civ. No. 24-10567-BRM-JSA, ECF No. 30 (D.N.J. Nov. 18, 2025); *Supernus Pharmaceuticals, Inc. v. Zydus Lifesciences Global FZE*, *et al.*, Civ. No. 2:25-12188 (MEF) (MAH), ECF No. 14 (D.N.J. Sept. 22, 2025); *Jazz Pharmaceuticals Ireland Ltd. v. Sandoz Inc. et al.*, Civ. No. 24-09110 (RK) (RLS), ECF No. 52 (D.N.J. Dec. 16, 2024).

15.      Venue is proper in this Judicial District under 28 U.S.C. §§ 1391(b) and (c), and 1400(b) because, *inter alia*, Zydus USA has committed and will commit acts of infringement in this Judicial District and has a regular and established place of business at its headquarters in New Jersey, located within this Judicial District.

### *Zydus FZE*

16.      This Court has personal jurisdiction over Zydus FZE because, upon information and belief, Zydus FZE regularly does or solicits business in New Jersey, engages in other persistent courses of conduct in New Jersey, and/or derives substantial revenue from services or things used or consumed in New Jersey, including by selling pharmaceutical products in New Jersey.  Zydus FZE, therefore, can reasonably expect to be subject to jurisdiction in the New Jersey courts. Among other things, upon information and belief, Zydus FZE conducts marketing and sales activities in New Jersey, including but not limited to, distribution, marketing, and sales of pharmaceutical products to New Jersey residents that are continuous and systematic.

17.     In addition, this Court has personal jurisdiction over Zydus FZE because, *inter alia*, upon information and belief: (1) Zydus USA, Zydus FZE, and Zydus Limited acted in concert to file Zydus's ANDA for the purpose of seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Zydus's ANDA Product in the United States, including in New Jersey; and (2) upon FDA approval of Zydus's ANDA, Zydus USA, Zydus FZE, and Zydus Limited will act in concert to commercially manufacture, use, offer for sale, sell, and/or import Zydus's ANDA Product in the United States, including in New Jersey, and will derive substantial revenue from the use or consumption of Zydus's ANDA Product in New Jersey. Upon information and belief, upon FDA approval of Zydus's ANDA, Zydus's ANDA Product will be, *inter alia*, offered for sale in, sold in, and/or imported into New Jersey, prescribed by physicians practicing in New Jersey, dispensed by pharmacies located within New Jersey, and/or used by patients in New Jersey, all of which would have substantial effects on New Jersey.

18.     Upon information and belief, as explained above, Zydus FZE acts in concert with Zydus USA, which is incorporated in and maintains a principal place of business in New Jersey.

19.     Zydus FZE has been sued previously in this Judicial District and has not challenged personal jurisdiction and has availed itself of the legal protections of the State of New Jersey by asserting counterclaims against plaintiffs in this Judicial District. *See, e.g.*, *Genentech, Inc., et al. v. Natco Pharma Ltd. et al.*, Civ. No. 24-10567-BRM-JSA, ECF No. 30 (D.N.J. Nov. 18, 2025); *Supernus Pharmaceuticals, Inc. v. Zydus Lifesciences Global FZE*, *et al.*, Civ. No. 2:25-12188 (MEF) (MAH), ECF No. 14 (D.N.J. Sept. 22, 2025); *Jazz Pharmaceuticals Ireland Ltd. v. Sandoz Inc. et al.*, Civ. No. 24-09110 (RK) (RLS), ECF No. 52 (D.N.J. Dec. 16, 2024).

20.     Alternatively, this Court may exercise personal jurisdiction over Zydus FZE pursuant to Federal Rule of Civil Procedure 4(k)(2) because (a) ChemoCentryx's claims arise

under federal law; (b) Zydus FZE is a foreign defendant not subject to general jurisdiction in the courts of any state; and (c) Zydus FZE has sufficient contacts with the United States, including but not limited to submitting numerous regulatory applications for drug products to FDA, including Zydus's ANDA, in concert with its United States agent, Zydus USA, such that this Court's exercise of jurisdiction over Zydus FZE satisfies due process.

21.     Litigating in the District of New Jersey would not burden Zydus FZE unduly. Among other things, as explained above, Zydus FZE has not challenged personal jurisdiction in the District of New Jersey. Upon information and belief, Zydus FZE maintains Zydus USA, a company residing in this district, as its United States agent for Zydus's ANDA, and Zydus USA will, *inter alia*, market and distribute Zydus's ANDA Product in concert with Zydus FZE and Zydus Limited. The United States has a substantial interest in adjudicating the dispute and enforcing its patent laws. ChemoCentryx has a substantial interest in obtaining convenient and effective relief for violations of its property interests. Moreover, the states have a shared interest in furthering the fundamental substantive policy of the United States with respect to its intellectual property laws.

22.     Venue is proper in this Judicial District under 28 U.S.C. §§ 1391(b) and (c), and 1400(b) because, *inter alia*, Zydus FZE is a foreign entity that may be sued in any judicial district in the United States.

### *Zydus Limited*

23.     This Court has personal jurisdiction over Zydus Limited because, upon information and belief, Zydus Limited regularly does or solicits business in New Jersey, engages in other persistent courses of conduct in New Jersey, and/or derives substantial revenue from services or things used or consumed in New Jersey, including by selling its pharmaceutical products in New

Jersey.  Zydus Limited, therefore, can reasonably expect to be subject to jurisdiction in the New Jersey courts.  Among other things, upon information and belief, Zydus Limited conducts marketing and sales activities in the State of New Jersey, including but not limited to, distribution, marketing, and sales of pharmaceutical products to New Jersey residents that are continuous and systematic.

24.    In addition, this Court has personal jurisdiction over Zydus Limited because, *inter alia*, upon information and belief: (1) Zydus USA, Zydus FZE, and Zydus Limited acted in concert to file Zydus's ANDA for the purpose of seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Zydus's ANDA Product in the United States, including in New Jersey; and (2) upon FDA approval of Zydus's ANDA, Zydus USA, Zydus FZE, and Zydus Limited will act in concert to commercially manufacture, use, offer for sale, sell, and/or import Zydus's ANDA Product in the United States, including in New Jersey, and will derive substantial revenue from the use or consumption of Zydus's ANDA Product in New Jersey.  Upon information and belief, upon FDA approval of Zydus's ANDA, Zydus's ANDA Product will be, *inter alia*, offered for sale in, sold in, and/or imported into New Jersey, prescribed by physicians practicing in New Jersey, dispensed by pharmacies located within New Jersey, and/or used by patients in New Jersey, all of which would have substantial effects on New Jersey.

25.    Upon information and belief, as explained above, Zydus Limited acts in concert with Zydus USA, which is incorporated in and maintains a principal place of business in New Jersey.

26.    Zydus Limited has been sued previously in this Judicial District and has not challenged personal jurisdiction and has availed itself of the legal protections of the State of New Jersey by asserting counterclaims against plaintiffs in this Judicial District.  *See, e.g.*, *Genentech,*

*Inc., et al. v. Natco Pharma Ltd. et al.*, Civ. No. 24-10567-BRM-JSA, ECF No. 30 (D.N.J. Nov. 18, 2025); *Supernus Pharmaceuticals, Inc. v. Zydus Lifesciences Global FZE*, *et al.*, Civ. No. 2:25-12188 (MEF) (MAH), ECF No. 14 (D.N.J. Sept. 22, 2025); *Jazz Pharmaceuticals Ireland Ltd. v. Sandoz Inc. et al.*, Civ. No. 24-09110 (RK) (RLS), ECF No. 52 (D.N.J. Dec. 16, 2024).

27.     Alternatively, this Court may exercise personal jurisdiction over Zydus Limited pursuant to Federal Rule of Civil Procedure 4(k)(2) because (a) ChemoCentryx's claims arise under federal law; (b) Zydus Limited is a foreign defendant not subject to general jurisdiction in the courts of any state; and (c) Zydus Limited has sufficient contacts with the United States, including but not limited to submitting numerous regulatory applications for drug products to FDA, including Zydus's ANDA, in concert with Zydus FZE and its United States agent, Zydus USA, such that this Court's exercise of jurisdiction over Zydus Limited satisfies due process.

28.     Litigating in the District of New Jersey would not burden Zydus Limited unduly. Among other things, as explained above, Zydus Limited has not challenged personal jurisdiction in the District of New Jersey.  Upon information and belief, Zydus Limited is the corporate parent of Zydus USA, a company residing in this district, and Zydus USA will, *inter alia*, market and distribute Zydus's ANDA Product in concert with Zydus Limited and Zydus FZE.  The United States has a substantial interest in adjudicating the dispute and enforcing its patent laws. ChemoCentryx has a substantial interest in obtaining convenient and effective relief for violations of its property interests.  Moreover, the states have a shared interest in furthering the fundamental substantive policy of the United States with respect to its intellectual property laws.

29.     Venue is proper in this Judicial District under 28 U.S.C. §§ 1391(b) and (c), and 1400(b) because, *inter alia*, Zydus Limited is a foreign entity that may be sued in any judicial district in the United States.

## THE PATENTS-IN-SUIT

### *U.S. Patent No. 11,951,214*

30.     On April 9, 2024, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '214 Patent entitled "Capsule formulations."

31.     ChemoCentryx is the assignee and owns all legal right, title, and interest in and to the '214 Patent.

32.     A true and correct copy of the '214 Patent is attached hereto as Exhibit A.

### *U.S. Patent No. 11,603,356*

33.     On March 14, 2023, the USPTO duly and legally issued the '356 Patent entitled "Amorphous form of a complement component C5a receptor."

34.     ChemoCentryx is the assignee and owns all legal right, title, and interest in and to the '356 Patent.

35.     A true and correct copy of the '356 Patent is attached hereto as Exhibit B.

## TAVNEOS®

36.     ChemoCentryx is the holder of FDA-approved NDA No. 214487 (the "TAVNEOS® NDA") for avacopan capsules, 10 mg, which are sold in the United States under the trademark TAVNEOS®.

37.     TAVNEOS® is an orally administered complement 5a receptor antagonist.  On October 7, 2021, FDA granted approval to market TAVNEOS® for use as an adjunctive treatment of adult patients with severe active anti-neutrophil cytoplasmic autoantibody (ANCA)-associated vasculitis (granulomatosis with polyangiitis [GPA] and microscopic polyangiitis [MPA]) in combination with standard therapy including glucocorticoids.

38.     Pursuant to 21 U.S.C. § 355, and attendant FDA regulations, the Patents-in-Suit are listed in the FDA publication entitled Approved Drug Products and Therapeutic Equivalence Evaluations (the "Orange Book") for the TAVNEOS® NDA.

## ZYDUS'S ANDA

39.     Upon information and belief, Zydus submitted to FDA Zydus's ANDA under Section 505(j) of the Federal Food, Drug, and Cosmetic Act (FDCA), 21 U.S.C. § 355(j), seeking FDA approval to engage in the commercial manufacture, use, offer for sale, and/or sale within the United States, and/or importation into the United States, of Zydus's ANDA Product before the expiration of the Patents-in-Suit, including any applicable exclusivities or extensions.

40.     Upon information and belief, Zydus included within its ANDA a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(III) that Zydus is not seeking FDA approval to engage in the commercial manufacture, use, offer for sale, and/or sale within the United States, and/or importation into the United States, of Zydus's ANDA Product before the expiration of U.S. Patent Nos. 8,445,515 ("'515 Patent") and 8,906,938 ("'938 Patent"). The '515 and '938 Patents are also listed in the Orange Book for the TAVNEOS® NDA, and expire on February 3, 2031 and December 21, 2029 without patent term extension,[1] respectively.

41.     By a letter dated December 3, 2025 ("Zydus's Notice Letter"), Zydus notified ChemoCentryx that Zydus had submitted to FDA Zydus's ANDA for Zydus's ANDA Product.

42.     ChemoCentryx received Zydus's Notice Letter on December 4, 2025.

43.     In Zydus's Notice Letter, Zydus notified ChemoCentryx that, as a part of its ANDA, Zydus had filed a certification of the type described in Section 505(j)(2)(A)(vii)(IV) of

---

[1] The USPTO determined that the '515 and '938 Patents were eligible for patent term extension. On September 24, 2025, Amgen elected patent term extension on the '938 Patent. The patent term extension period for the '938 Patent is 1,477 days.

the FDCA, 21 U.S.C. § 355(j)(2)(A)(vii)(IV) (a "Paragraph IV Certification"), with respect to the '214 and '356 Patents alleging that no valid and enforceable claim of the '214 and '356 Patents will be infringed by the importation, manufacture, use, sale, or offer for sale of Zydus's ANDA Product within the United States.

44.     Upon information and belief, Zydus included the Paragraph IV Certification in its ANDA for the purpose of obtaining approval from FDA to engage in the commercial manufacture, use, offer for sale, and/or sale within the United States, and/or importation into the United States, of Zydus's ANDA Product before the expiration of the Patents-in-Suit, including any applicable exclusivities or extensions.  And upon information and belief, upon FDA approval of Zydus's ANDA, Zydus will act in concert to commercially manufacture, use, offer for sale, sell, and/or import Zydus's ANDA Product in the United States.

45.     Zydus relies on TAVNEOS® as the reference product for approval of Zydus's ANDA Product.

46.     Upon information and belief, by filing Zydus's ANDA, Zydus has represented to FDA, *inter alia*, that Zydus's ANDA Product has the same active ingredient, method of administration, dosage form, and dosage amount as TAVNEOS®, and will be bioequivalent to TAVNEOS®.

47.     Upon information and belief, Zydus's proposed labeling for Zydus's ANDA Product copies, *inter alia*, the active ingredient, method of administration, dosage form, and dosage amount in the FDA-approved label for TAVNEOS®.

48.     Upon information and belief, Zydus's ANDA seeks FDA approval of Zydus's ANDA Product for the indication included in the FDA-approved label for TAVNEOS®, *i.e.*, for use as an adjunctive treatment of adult patients with severe active anti-neutrophil cytoplasmic

autoantibody (ANCA)-associated vasculitis (granulomatosis with polyangiitis [GPA] and microscopic polyangiitis [MPA]) in combination with standard therapy including glucocorticoids.

49.    Upon information and belief, Zydus intends, conditioned upon FDA approval of Zydus's ANDA, to market Zydus's ANDA Product for the indication included in the FDA-approved label for TAVNEOS®.

50.    Upon information and belief, Zydus also intends, conditioned upon FDA approval of Zydus's ANDA, for healthcare providers to prescribe and use, and for patients to use, Zydus's ANDA Product in accordance with and as directed by Zydus's proposed labeling for Zydus's ANDA Product.

51.    Upon information and belief, Zydus intends to engage in the commercial manufacture, use, offer for sale, and/or sale within the United States, and/or importation into the United States, of Zydus's ANDA Product with its proposed labeling immediately and imminently upon FDA approval of Zydus's ANDA.

52.    ChemoCentryx is timely commencing this action within 45 days of receiving Zydus's Notice Letter pursuant to 21 U.S.C. § 255 (j)(5)(B)(iii).

## COUNT I
### (Infringement of U.S. Patent No. 11,951,214
### Under 35. U.S.C. § 271(e)(2)(A))

53.    ChemoCentryx incorporates each of the preceding paragraphs 1–52 as if fully set forth herein.

54.    Claim 1 of the '214 Patent claims "[a] solid solution capsule formulation comprising [avacopan] as a free base, in its neutral form, or in the form of a pharmaceutically acceptable salt and a vehicle comprising at least one non-ionic surfactant selected from the group consisting of macrogol-40-glycerol hydroxystearate, macrogolglycerol ricinoleate, and macrogol-

15-hydroxystearate, and at least one water-soluble solubilizer selected from the group consisting of PEG-1500, PEG-1540, PEG-2000, PEG-3000, PEG-3350, PEG-4000, PEG-6000, PEG-8000, wherein [avacopan] comprises about 1 to 3% by weight of the total fill weight of said solid solution capsule formulation, the vehicle comprises about 97 to 99% by weight of the total fill weight of said solid solution capsule formulation, and the total weight of the vehicle comprises a 45:55 to 55:45 ratio of the at least one non-ionic surfactant to the at least one water-soluble solubilizer."

55.    Upon information and belief, Zydus's ANDA Product is covered by one or more claims of the '214 Patent, including at least claim 1, because it is a solid solution capsule formulation comprising avacopan as a free base, in its neutral form, or in the form of a pharmaceutically acceptable salt and a vehicle comprising at least one non-ionic surfactant selected from the group consisting of macrogol-40-glycerol hydroxystearate, macrogolglycerol ricinoleate, and macrogol-15-hydroxystearate, and at least one water-soluble solubilizer selected from the group consisting of PEG-1500, PEG-1540, PEG-2000, PEG-3000, PEG-3350, PEG-4000, PEG-6000, PEG-8000, wherein avacopan comprises about 1 to 3% by weight of the total fill weight of said solid solution capsule formulation, the vehicle comprises about 97 to 99% by weight of the total fill weight of said solid solution capsule formulation, and the total weight of the vehicle comprises a 45:55 to 55:45 ratio of the at least one non-ionic surfactant to the at least one water-soluble solubilizer, or an equivalent thereof.

56.    Upon information and belief, Zydus's commercial manufacture, use, sale, and/or offer for sale of Zydus's ANDA Product within the United States, and/or Zydus's importation of Zydus's ANDA Product into the United States, would directly infringe, or would actively induce or contribute to infringement of one or more claims of the '214 Patent, including at least claim 1, either literally or under the doctrine of equivalents.  *See* 35 U.S.C. §§ 271(a), (b), and (c).

Accordingly, unless enjoined by this Court, upon FDA approval of Zydus's ANDA, Zydus will commercially manufacture, use, offer for sale, and/or sell Zydus's ANDA Product within the United States, and/or import Zydus's ANDA Product into the United States, and will thereby infringe, contribute to the infringement of, or induce the infringement of one or more claims of the '214 Patent. *See id.*

57.    Zydus has, and will have upon FDA approval, actual knowledge of the '214 Patent, as evidenced at least by Zydus's Notice Letter and Zydus's ANDA including a Paragraph IV Certification with respect to the '214 Patent.

58.    Upon information and belief, the commercial manufacture, use, offer for sale, and/or sale of Zydus's ANDA Product within the United States, the importation of Zydus's ANDA Product into the United States, and/or the use of Zydus's ANDA Product within the United States in accordance with and as directed by the instructions included in the proposed labeling of Zydus's ANDA Product will constitute direct infringement of one or more claims of the '214 Patent, including at least claim 1, either literally or under the doctrine of equivalents.

59.    Upon information and belief, upon FDA approval of Zydus's ANDA, Zydus will include within the packaging of Zydus's ANDA Product, or will otherwise make available to third parties, including, for example, patients and healthcare providers, labeling that instructs and encourages those third parties to infringe one or more claims of the '214 Patent, including at least claim 1, within the United States.

60.    Upon information and belief, Zydus will commercially manufacture, use, offer for sale, and/or sell Zydus's ANDA Product within the United States, and/or import Zydus's ANDA Product into the United States, with the specific intent to induce infringement of one or more

claims of the '214 Patent, including at least claim 1, through, *inter alia*, the labeling of Zydus's ANDA Product.

61.    Upon information and belief, by commercially manufacturing, using, offering for sale, and/or selling Zydus's ANDA Product within the United States, and/or importing Zydus's ANDA Product into the United States, to be used in accordance with and as directed by Zydus's proposed labeling, Zydus will knowingly induce third parties, including, for example, patients and healthcare providers, to infringe one or more claims of the '214 Patent, including at least claim 1, and will specifically intend that those third parties do the same.

62.    Upon information and belief, by commercially manufacturing, using, offering for sale, and/or selling within the United States, and/or importing into the United States, Zydus's ANDA Product with its proposed labeling, Zydus will contribute to infringement of one or more claims of the '214 Patent by third parties because: (i) Zydus's ANDA Product constitutes a material part of at least claim 1 of the '214 Patent; (ii) Zydus knows or should know that Zydus's ANDA Product will be especially made and adapted for uses that directly infringe at least claim 1 of the '214 Patent; and (iii) Zydus's ANDA Product is not a staple article or commodity of commerce suitable for substantial noninfringing uses.

63.    The purpose of filing Zydus's ANDA was to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, and/or sale of Zydus's ANDA Product within the United States, and/or the importation of Zydus's ANDA Product into the United States, prior to the expiration of the '214 Patent, including any applicable exclusivities or extensions.

64.    Zydus has thus committed an act of infringement under 35 U.S.C. § 271(e)(2)(A).

65.    Zydus's infringement of the '214 Patent will cause ChemoCentryx to suffer irreparable harm.    Zydus's infringement will continue unless enjoined by the Court.

16

ChemoCentryx has no adequate remedy at law and thus injunctive relief is appropriate to prohibit Zydus from infringing the '214 Patent.

### COUNT II
### (Declaration of Infringement of U.S. Patent No. 11,951,214
### Under 35. U.S.C. §§ 271(a), (b), and/or (c))

66.    ChemoCentryx incorporates each of the preceding paragraphs 1–65 as if fully set forth herein.

67.    Upon information and belief, Zydus's ANDA Product is covered by one or more claims of the '214 Patent, including at least claim 1, because it is a solid solution capsule formulation comprising avacopan as a free base, in its neutral form, or in the form of a pharmaceutically acceptable salt and a vehicle comprising at least one non-ionic surfactant selected from the group consisting of macrogol-40-glycerol hydroxystearate, macrogolglycerol ricinoleate, and macrogol-15-hydroxystearate, and at least one water-soluble solubilizer selected from the group consisting of PEG-1500, PEG-1540, PEG-2000, PEG-3000, PEG-3350, PEG-4000, PEG-6000, PEG-8000, wherein avacopan comprises about 1 to 3% by weight of the total fill weight of said solid solution capsule formulation, the vehicle comprises about 97 to 99% by weight of the total fill weight of said solid solution capsule formulation, and the total weight of the vehicle comprises a 45:55 to 55:45 ratio of the at least one non-ionic surfactant to the at least one water-soluble solubilizer, or an equivalent thereof.

68.    Upon information and belief, by commercially manufacturing, using, offering for sale, and/or selling within the United States, and/or importing into the United States, Zydus's ANDA Product, Zydus will infringe, induce infringement, and/or contribute to infringement of one or more claims of the '214 Patent, including at least claim 1, under 35 U.S.C. §§ 271(a), (b), and/or (c), either literally or under the doctrine of equivalents.

69.    Zydus has, and will have upon FDA approval, actual knowledge of the '214 Patent, as evidenced at least by Zydus's Notice Letter and Zydus's ANDA including a Paragraph IV Certification with respect to the '214 Patent.

70.    Upon information and belief, the commercial manufacture, use, offer for sale, and/or sale of Zydus's ANDA Product within the United States, the importation of Zydus's ANDA Product into the United States, and/or the use of Zydus's ANDA Product within the United States in accordance with and as directed by the instructions included in the proposed labeling of Zydus's ANDA Product will constitute direct infringement of one or more claims of the '214 Patent, including at least claim 1, either literally or under the doctrine of equivalents.

71.    Upon information and belief, upon FDA approval of Zydus's ANDA, Zydus will include within the packaging of Zydus's ANDA Product, or will otherwise make available to third parties, including, for example, patients and healthcare providers, labeling that instructs and encourages those third parties to infringe one or more claims of the '214 Patent, including at least claim 1, within the United States.

72.    Upon information and belief, Zydus will commercially manufacture, use, offer for sale, and/or sell Zydus's ANDA Product within the United States, and/or import Zydus's ANDA Product into the United States, with the specific intent to induce infringement of one or more claims of the '214 Patent, including at least claim 1, through, *inter alia*, the labeling of Zydus's ANDA Product.

73.    Upon information and belief, by commercially manufacturing, using, offering for sale, and/or selling Zydus's ANDA Product within the United States, and/or importing Zydus's ANDA Product into the United States, to be used in accordance with and as directed by Zydus's proposed labeling, Zydus will knowingly induce third parties, including, for example, patients and

18

healthcare providers, to infringe one or more claims of the '214 Patent, including at least claim 1, and will specifically intend that those third parties do the same.

74.     Upon information and belief, by commercially manufacturing, using, offering for sale, and/or selling within the United States, and/or importing into the United States, Zydus's ANDA Product with its proposed labeling, Zydus will contribute to infringement of one or more claims of the '214 Patent by third parties because: (i) Zydus's ANDA Product constitutes a material part of at least claim 1 of the '214 Patent; (ii) Zydus knows or should know that Zydus's ANDA Product will be especially made and adapted for uses that directly infringe at least claim 1 of the '214 Patent; and (iii) Zydus's ANDA Product is not a staple article or commodity of commerce suitable for substantial noninfringing uses.

75.     Upon information and belief, Zydus intends to commercially manufacture, use, offer for sale, and/or sell within the United States, and/or import into the United States, Zydus's ANDA Product with its proposed labeling immediately and imminently upon final approval of Zydus's ANDA, i.e., prior to the expiration of the '214 Patent, including any applicable exclusivities or extensions.

76.     Upon information and belief, Zydus has made, and will continue to make, substantial preparation in the United States to commercially manufacture, use, offer for sale, and/or sell within the United States, and/or import into the United States, Zydus's ANDA Product with its proposed labeling prior to the expiration of the '214 Patent, including any applicable exclusivities or extensions.

77.     Therefore, a case or controversy exists between ChemoCentryx and Zydus as to infringement of the '214 Patent such that the Court may enter ChemoCentryx's request for declaratory relief consistent with Article III of the United States Constitution.

78.    ChemoCentryx is entitled to a declaratory judgment that by commercially manufacturing, using, offering for sale, and/or selling within the United States, and/or importing into the United States, Zydus's ANDA Product prior to the expiration of the '214 Patent, including any applicable exclusivities or extensions, Zydus would infringe, induce infringement, and/or contribute to infringement of the '214 Patent under 35 U.S.C. §§ 271(a), (b), and/or (c), either literally or under the doctrine of equivalents.

79.    Zydus's infringement of the '214 Patent will cause ChemoCentryx to suffer irreparable harm.    Zydus's infringement will continue unless enjoined by the Court. ChemoCentryx has no adequate remedy at law and thus injunctive relief is appropriate to prohibit Zydus from infringing the '214 Patent.

## COUNT III
### (Infringement of U.S. Patent No. 11,603,356
### Under 35. U.S.C. § 271(e)(2)(A))

80.    ChemoCentryx incorporates each of the preceding paragraphs 1–79 as if fully set forth herein.

81.    Claim 1 of the '356 Patent claims "[a]n amorphous form of [avacopan] characterized by an X-ray powder diffraction pattern having no distinct peaks, which is substantially free of other forms of [avacopan]."

82.    Upon information and belief, Zydus's ANDA Product is covered by one or more claims of the '356 Patent, including at least claim 1, because it contains an amorphous form of avacopan characterized by an X-ray powder diffraction pattern having no distinct peaks, which is substantially free of other forms of avacopan, or an equivalent thereof.

83.    Upon information and belief, upon FDA approval, Zydus's ANDA Product will be used according to and as directed by Zydus's proposed label as an adjunctive treatment of adult patients with severe active anti-neutrophil cytoplasmic autoantibody (ANCA)-associated

vasculitis (granulomatosis with polyangiitis [GPA] and microscopic polyangiitis [MPA]) in combination with standard therapy including glucocorticoids.

84.    Upon information and belief, Zydus's commercial manufacture, use, sale, and/or offer for sale of Zydus's ANDA Product within the United States, and/or Zydus's importation of Zydus's ANDA Product into the United States, would directly infringe, or would actively induce or contribute to infringement of one or more claims of the '356 Patent, including at least claim 1 and/or claim 21, either literally or under the doctrine of equivalents. *See* 35 U.S.C. §§ 271(a), (b), and (c). Accordingly, unless enjoined by this Court, upon FDA approval of Zydus's ANDA, Zydus will commercially manufacture, use, offer for sale, and/or sell Zydus's ANDA Product in the United States, and/or import Zydus's ANDA Product into the United States, and will thereby infringe, contribute to the infringement of, or induce the infringement of one or more claims of the '356 Patent. *See id.*

85.    Zydus has, and will have upon FDA approval, actual knowledge of the '356 Patent, as evidenced at least by Zydus's Notice Letter and Zydus's ANDA including a Paragraph IV Certification.

86.    Upon information and belief, the commercial manufacture, use, sale, and/or offer for sale of Zydus's ANDA Product within the United States, the importation of Zydus's ANDA Product into the United States, and/or the use of Zydus's ANDA Product within the United States in accordance with and as directed by Zydus's proposed labeling for that product will constitute direct infringement of one or more claims of the '356 Patent, including at least claim 1 and/or claim 21, either literally or under the doctrine of equivalents.

87.    Upon information and belief, upon FDA approval of Zydus's ANDA, Zydus will include within the packaging of Zydus's ANDA Product, or will otherwise make available to third

parties, including, for example, patients and healthcare providers, labeling that instructs and encourages those third parties to infringe one or more claims of the '356 Patent, including at least claim 1 and/or claim 21, within the United States.

88.     Upon information and belief, Zydus will commercially manufacture, use, offer for sale, and/or sell Zydus's ANDA Product within the United States, and/or import Zydus's ANDA Product into the United States, with the specific intent to induce infringement of one or more claims of the '356 Patent, including at least claim 1 and/or claim 21, through, *inter alia*, the labeling of Zydus's ANDA Product.

89.     Upon information and belief, by commercially manufacturing, using, offering for sale, and/or selling Zydus's ANDA Product within the United States, and/or importing Zydus's ANDA Product into the United States, to be used in accordance with and as directed by Zydus's proposed labeling, Zydus will knowingly induce third parties, including, for example, patients and healthcare providers, to infringe one or more claims of the '356 Patent, including at least claim 1 and/or claim 21, and will specifically intend that they do the same.

90.     Upon information and belief, by commercially manufacturing, using, offering for sale, and/or selling within the United States, and/or importing into the United States, Zydus's ANDA Product with its proposed labeling, Zydus will contribute to infringement of one or more claims of the '356 Patent by third parties because: (i) Zydus's ANDA Product constitutes a material part of at least claim 1 and/or claim 21 of the '356 Patent; (ii) Zydus knows or should know that Zydus's ANDA Product will be especially made and adapted for uses that directly infringe at least claim 1 and/or claim 21 of the '356 Patent; and (iii) Zydus's ANDA Product is not a staple article or commodity of commerce suitable for substantial noninfringing uses.

91.    The purpose of filing Zydus's ANDA was to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, and/or sale of Zydus's ANDA Product within the United States, and/or importation of Zydus's ANDA Product into the United States, prior to the expiration of the '356 Patent, including any applicable exclusivities or extensions.

92.    Zydus has thus committed an act of infringement under 35 U.S.C. § 271(e)(2)(A).

93.    Zydus's infringement of the '356 Patent will cause ChemoCentryx to suffer irreparable harm.    Zydus's infringement will continue unless enjoined by the Court. ChemoCentryx has no adequate remedy at law and thus injunctive relief is appropriate to prohibit Zydus from infringing the '356 Patent.

**COUNT IV**
**(Declaration of Infringement of U.S. Patent No. 11,603,356**
**Under 35. U.S.C. §§ 271(a), (b), and/or (c))**

94.    ChemoCentryx incorporates each of the preceding paragraphs 1–93 as if fully set forth herein.

95.    Upon information and belief, Zydus's ANDA Product is covered by one or more claims of the '356 Patent, including at least claim 1, because it contains an amorphous form of avacopan characterized by an X-ray powder diffraction pattern having no distinct peaks, which is substantially free of other forms of avacopan, or an equivalent thereof.

96.    Upon information and belief, upon FDA approval, Zydus's ANDA Product will be used according to and as directed by Zydus's proposed label as an adjunctive treatment of adult patients with severe active anti-neutrophil cytoplasmic autoantibody (ANCA)-associated vasculitis (granulomatosis with polyangiitis [GPA] and microscopic polyangiitis [MPA]) in combination with standard therapy including glucocorticoids.

97.    Upon information and belief, by commercially manufacturing, using, offering for sale, and/or selling within the United States, and/or importing into the United States, Zydus's ANDA Product, Zydus will infringe, induce infringement, and/or contribute to infringement of one or more claims of the '356 Patent, including at least claim 1 and/or claim 21, under 35 U.S.C. §§ 271(a), (b), and/or (c), either literally or under the doctrine of equivalents.

98.    Zydus has, and will have upon FDA approval, actual knowledge of the '356 Patent, as evidenced at least by Zydus's Notice Letter and Zydus's ANDA including a Paragraph IV Certification.

99.    Upon information and belief, the commercial manufacture, use, sale, and/or offer for sale of Zydus's ANDA Product within the United States, the importation of Zydus's ANDA Product into the United States, and/or the use of Zydus's ANDA Product within the United States in accordance with and as directed by Zydus's proposed labeling for that product will constitute direct infringement of one or more claims of the '356 Patent, including at least claim 1 and/or claim 21, either literally or under the doctrine of equivalents.

100.    Upon information and belief, upon FDA approval of Zydus's ANDA, Zydus will include within the packaging of Zydus's ANDA Product, or will otherwise make available to third parties, including, for example, patients and healthcare providers, labeling that instructs and encourages those third parties to infringe one or more claims of the '356 Patent, including at least claim 1 and/or claim 21, within the United States.

101.    Upon information and belief, Zydus will commercially manufacture, use, offer for sale, and/or sell Zydus's ANDA Product within the United States, and/or import Zydus's ANDA Product into the United States, with the specific intent to induce infringement of one or more

claims of the '356 Patent, including at least claim 1 and/or claim 21, through, *inter alia*, the labeling of Zydus's ANDA Product.

102.    Upon information and belief, by commercially manufacturing, using, offering for sale, and/or selling Zydus's ANDA Product within the United States, and/or importing Zydus's ANDA Product into the United States, to be used in accordance with and as directed by Zydus's proposed labeling, Zydus will knowingly induce third parties, including, for example, patients and healthcare providers, to infringe one or more claims of the '356 Patent, including at least claim 1 and/or claim 21, and will specifically intend that they do the same.

103.    Upon information and belief, by commercially manufacturing, using, offering for sale, and/or selling within the United States, and/or importing into the United States, Zydus's ANDA Product with its proposed labeling, Zydus will contribute to infringement of one or more claims of the '356 Patent by third parties because: (i) Zydus's ANDA Product constitutes a material part of at least claim 1 and/or claim 21 of the '356 Patent; (ii) Zydus knows or should know that Zydus's ANDA Product will be especially made and adapted for uses that directly infringe at least claim 1 and/or claim 21 of the '356 Patent; and (iii) Zydus's ANDA Product is not a staple article or commodity of commerce suitable for substantial noninfringing uses.

104.    Upon information and belief, Zydus intends to commercially manufacture, use, offer for sale, and/or sell within the United States, and/or import into the United States, Zydus's ANDA Product with its proposed labeling immediately and imminently upon final approval of Zydus's ANDA, i.e., prior to the expiration of the '356 Patent, including any applicable exclusivities or extensions.

105.    Upon information and belief, Zydus has made, and will continue to make, substantial preparation in the United States to commercially manufacture, use, offer for sale, and/or

sell within the United States, and/or import into the United States, Zydus's ANDA Product with its proposed labeling prior to the expiration of the '356 Patent, including any applicable exclusivities or extensions.

106.    Therefore, a case or controversy exists between ChemoCentryx and Zydus as to infringement of the '356 Patent such that the Court may enter ChemoCentryx's request for declaratory relief consistent with Article III of the United States Constitution.

107.    ChemoCentryx is entitled to a declaratory judgment that by commercially manufacturing, using, offering for sale, and/or selling within the United States, and/or importing into the United States, Zydus's ANDA Product prior to the expiration of the '356 Patent, including any applicable exclusivities or extensions, Zydus would infringe, induce infringement, and/or contribute to infringement of the '356 Patent under 35 U.S.C. §§ 271(a), (b), and/or (c), either literally or under the doctrine of equivalents.

108.    Zydus's infringement of the '356 Patent will cause ChemoCentryx to suffer irreparable harm.    Zydus's infringement will continue unless enjoined by the Court. ChemoCentryx has no adequate remedy at law and thus injunctive relief is appropriate to prohibit Zydus from infringing the '356 Patent.

## **PRAYER FOR RELIEF**

WHEREFORE, ChemoCentryx respectfully requests the following relief:

A.    A judgment that Zydus has infringed one or more claims of each of the Patents-in-Suit by submitting ANDA No. 221070 seeking FDA approval for the commercial manufacture, use, offer for sale, and/or sale of Zydus's ANDA Product within the United States, and/or importation of Zydus's ANDA Product into the United States, prior to the expiration of the Patents-in-Suit, including any applicable exclusivities or extensions, under 35 U.S.C. § 271(e)(2)(A);

26

B.      An order under 35 U.S.C. § 271(e)(4)(A) that the effective date of any FDA approval of ANDA No. 221070 under Section 505(j) of the Federal Food, Drug, and Cosmetic Act (21 U.S.C. § 355(j)) shall be a date that is not earlier than the expiration date of the Patents-in-Suit, including any applicable exclusivities or extensions;

C.      A judgment pursuant to 35 U.S.C. § 271(e)(4)(B) and/or 35 U.S.C. § 283 permanently enjoining Zydus, its officers, directors, employees, representatives, agents, parents, subsidiaries, affiliates, customers, distributors, suppliers, and those persons in active concert or participation with any of them, and its successors and assigns, from engaging in the commercial manufacture, use, offer for sale, and/or sale within the United States, and/or importation into the United States, of Zydus's ANDA Product prior to the expiration of the Patents-in-Suit, including any applicable exclusivities or extensions;

D.      A declaration pursuant to 28 U.S.C. §§ 2201 and 2202 that if Zydus, its officers, directors, employees, representatives, agents, parents, subsidiaries, affiliates, customers, distributors, suppliers, and those persons in active concert or participation with any of them, and its successors and assigns, commercially manufacture, use, offer for sale, and/or sell within the United States, and/or import into the United States, Zydus's ANDA Product prior to the expiration of the Patents-in-Suit, including any applicable exclusivities or extensions, it will constitute an act of infringement under 35 U.S.C. §§ 271(a), (b), and/or (c);

E.      A judgment awarding ChemoCentryx monetary relief together with interest if Zydus commercially manufactures, uses, offers for sale, and/or sells within the United States, and/or imports into the United States, Zydus's ANDA Product prior to the expiration of the Patents-in-Suit, including any applicable exclusivities or extensions;

F.    A declaration that this case is "exceptional" case under 35 U.S.C. § 285 and an

award for attorneys' fees;

G.    An award of costs and expenses in this action; and

H.    Such other and further relief as the Court may deem just and proper.

Dated: January 16, 2026

                                                          Respectfully submitted,

OF COUNSEL:

                                                          */s/Liza M. Walsh*
Charlotte C. Jacobsen (*pro hac vice*                     Liza M. Walsh
forthcoming)                                              Marc D. Haefner
Yi Zhang (*pro hac vice* forthcoming)                     Jessica K. Formichella
Michelle J. Zhu (*pro hac vice* forthcoming)              Walsh Pizzi O'Reilly Falanga LLP
GIBSON, DUNN & CRUTCHER LLP                               Three Gateway Center
200 Park Avenue                                           100 Mulberry Street, 15th Floor
New York, NY 10166-0193                                   Newark, NJ  07102
(212) 351-4000                                            (973) 757-1100
                                                          lwalsh@walsh.law
Christine Ranney (*pro hac vice* forthcoming)             mhaefner@walsh.law
GIBSON, DUNN & CRUTCHER LLP                               jformichella@walsh.law
1900 Lawrence Street, Suite 3000
Denver, CO 80202-2211                                     *Attorneys for ChemoCentryx, Inc.*
(303) 298-5700

Anne Y. Brody (*pro hac vice* forthcoming)
Emily Whitcher (*pro hac vice* forthcoming)
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive, Suite 1200
Irvine, CA 92612-4412
(949) 451-3800

Wendy A. Whiteford (*pro hac vice*
forthcoming)
Steven D. Tang (*pro hac vice* forthcoming)
Blake B. Greene (*pro hac vice* forthcoming)
Melissa R. Gibson (*pro hac vice* forthcoming)
AMGEN INC.
One Amgen Center Drive
Thousand Oaks, CA 91320-1799
(805) 447-1000

*Attorneys for ChemoCentryx, Inc.*

## **RULE 11.2 CERTIFICATION**

I hereby certify that, to the best of my knowledge, the matter in controversy is not the subject of any other pending or anticipated litigation in any court or arbitration proceeding, nor are there any non-parties known to Plaintiff that should be joined to this action.  In addition, I recognize a continuing obligation during the course of this litigation to file and to serve on all other parties and with the Court an amended certification if there is a change in the facts stated in this original certification.

Dated:  January 16, 2026

OF COUNSEL:

Charlotte C. Jacobsen (*pro hac vice* forthcoming)
Yi Zhang (*pro hac vice* forthcoming)
Michelle J. Zhu (*pro hac vice* forthcoming)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
(212) 351-4000

Christine Ranney (*pro hac vice* forthcoming)
GIBSON, DUNN & CRUTCHER LLP
1900 Lawrence Street, Suite 3000
Denver, CO 80202-2211
(303) 298-5700

Anne Y. Brody (*pro hac vice* forthcoming)
Emily Whitcher (*pro hac vice* forthcoming)
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive, Suite 1200
Irvine, CA 92612-4412
(949) 451-3800

Wendy A. Whiteford (*pro hac vice* forthcoming)
Steven D. Tang (*pro hac vice* forthcoming)
Blake B. Greene (*pro hac vice* forthcoming)
Melissa R. Gibson (*pro hac vice* forthcoming)

*/s/Liza M. Walsh*
Liza M. Walsh
Marc D. Haefner
Jessica K. Formichella
Walsh Pizzi O'Reilly Falanga LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, NJ  07102
(973) 757-1100
lwalsh@walsh.law
mhaefner@walsh.law
jformichella@walsh.law

*Attorneys for ChemoCentryx, Inc.*

AMGEN INC.
One Amgen Center Drive
Thousand Oaks, CA 91320-1799
(805) 447-1000

*Attorneys for ChemoCentryx, Inc.*

## <u>LOCAL RULE 201.1 CERTIFICATION</u>

I hereby certify that the above-captioned matter is not subject to compulsory arbitration in that the Plaintiff seeks, *inter alia*, injunctive relief.


Dated:  January 16, 2026


OF COUNSEL:

Charlotte C. Jacobsen (*pro hac vice* forthcoming)
Yi Zhang (*pro hac vice* forthcoming)
Michelle J. Zhu (*pro hac vice* forthcoming)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
(212) 351-4000

Christine Ranney (*pro hac vice* forthcoming)
GIBSON, DUNN & CRUTCHER LLP
1900 Lawrence Street, Suite 3000
Denver, CO 80202-2211
(303) 298-5700

Anne Y. Brody (*pro hac vice* forthcoming)
Emily Whitcher (*pro hac vice* forthcoming)
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive, Suite 1200
Irvine, CA 92612-4412
(949) 451-3800

Wendy A. Whiteford (*pro hac vice* forthcoming)
Steven D. Tang (*pro hac vice* forthcoming)
Blake B. Greene (*pro hac vice* forthcoming)
Melissa R. Gibson (*pro hac vice* forthcoming)
AMGEN INC.
One Amgen Center Drive
Thousand Oaks, CA 91320-1799
(805) 447-1000

*Attorneys for ChemoCentryx, Inc.*

*/s/Liza M. Walsh*
Liza M. Walsh
Marc D. Haefner
Jessica K. Formichella
Walsh Pizzi O'Reilly Falanga LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, NJ  07102
(973) 757-1100
lwalsh@walsh.law
mhaefner@walsh.law
jformichella@walsh.law

*Attorneys for ChemoCentryx, Inc.*